May it please the court. My name is Steve DeWilliams, representing Leo India Films. While there are a number of reasons why the district court's order dismissing Leo's case should be reversed, in the time that I have available today, I'm going to focus my comments primarily on two of those reasons. First, the district court improperly delved into the merits of the case when it concluded that there was a legal certainty that Leo could not satisfy the requisite amount of controversy. Second, the district court failed to consider the value of the injunctive relief that Leo sought when it determined that Leo had not satisfied the necessary amount of controversy. So addressing the first issue, the district court improperly concluded that the contractual liability limitation contained in the GoDaddy terms of service agreement created a legal certainty that Leo did not meet the requisite $75,000 threshold to establish subject matter jurisdiction. The issue of looking at subject matter jurisdiction and the amount of controversy has been well established in this circuit. Counsel, excuse me. I would have thought you would have stepped up to the podium and started talking about geographic explorers, a case which seems to be dead on point to one of the main issues, if not the main issue in this case, a case which neither of you cited to the district court, even though it was on our books at the time you argued this case. You're absolutely right, Your Honor, and I apologize. Geographic is exactly where I'm going here. So in Geographic Expedition, at page 1108, this circuit said, the fact that the complaint discloses the existence of a valid defense to a claim does not eliminate federal jurisdiction. The court went on to say this rule makes sense. Just because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense. Further, if a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount, the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction. And this is building on prior jurisprudence from this court, including the Augustine case from the Ninth Circuit back in 1983, which held that you don't look at the merits, you don't get into a consideration of the merits when considering the subject matter jurisdiction. How did this case slip your grasp? Your Honor, I wish I had a good explanation for that. In this case, during the briefing, we were looking at, more specifically, the issue of the injunction, other causes of action, and unconscionability. We obviously cited the Augustine case, which is an earlier case, which has a similar holding. It says that you don't look into the merits. We should have followed up Augustine with a reference to geographic expedition, and I wish that we had. We didn't, and I take responsibility for that shortcoming. Is there any other issue before us, other than the basis upon which Judge Reyes concluded that you couldn't meet the minimal financial requirements of diversity jurisdiction to get in the door of the courthouse? That's the issue, isn't it? That is the issue, yes. And we believe that, first of all, we did satisfy the amount of controversy requirement. First of all, we pled in our complaint, paragraph three of our complaint. I don't even need to argue about that. I'm looking at Judge Reyes's opinion, and he starts out by saying there's only one way that I can dismiss this case at this point, and that is if I can determine to a legal certainty that you haven't met the financial requirement, correct? That's correct. And then he recites the three instances in which that can occur, number one of which when the terms of a contract limit the plaintiff's possible recovery. And then at the bottom of the paragraph, he said this case falls within the first of those situations. In no event can GoDaddy's total aggregate liability exceed $10,000. And that, as Tom Brady would say, is the ballgame. There's nothing else before us, is there? That is the prime issue, yes, Your Honor. And the district court got this wrong because- With no help from you. With no help from me, that is correct. However, my client should not be faulted for my failure to bring forward to the court's attention the geographic case. Well, in fairness, the district court and his clerks didn't find the case either. So we have that. Go ahead. And in fact, the case that the district court does rely upon, Packenger, even stands for the proposition that in order for there to be legal certainty, it has to be virtually impossible for the plaintiff to satisfy the amount of controversy. Obviously, when you look at geographic expedition, what the court found in geographic expedition is if the court has to delve into the merits of the case, then it is not a virtual impossibility. You have not, by definition, met legal certainty. In this case, we did establish that there was a sufficient amount of controversy in excess of $75,000. We sufficiently pled that in our complaint. Further, in spite of the limitation of liability provision that GoDaddy relied upon, that was simply a defense that GoDaddy raised. We were attacking the terms of service agreement under unconscionability. So that should be as far as the district court went in its analysis. Once we had raised unconscionability under the requirement to get into the merits, that means it's not a legal certainty. The other reason that I would focus on for why the court erred in this case is that the court failed to take into consideration the value of the injunctive relief that was being sought by Leo. The Supreme Court held in Hunt v. Washington State, Apple Advertisers, that you must consider the value of an injunction when determining amount of controversy. Here, Leo pled in its complaint in a number of places, including in paragraphs 20 of the complaint and also paragraph 22, 24, and 27, that it was seeking an injunction. We raised the issue in our briefing, albeit we of the amount of controversy, including the injunctive relief being sought, exceeded $75,000. And there was sufficient evidence... Counsel, if you raised it before the district court, why didn't the district court address it? I cannot answer that. I wish that the district court had addressed it, but he didn't. And that is an error upon which provides another grounds upon which the order can be reversed. Did you plead how much the value of the injunction is? We did not plead a specific dollar amount, nor are we required to plead a specific dollar amount. What we pled in the complaint, and this is at paragraph 3, is that the amount of controversy exceeded $75,000. That is a sufficient pleading. Second, we made specific pleadings, again, paragraphs 22, 25, and 27, in which we said we were seeking injunctive relief to protect against the harm to goodwill and business relations. In fact, courts have found that it's often very difficult to put a precise dollar amount on a claim for injunctive relief. What we did do is establish through the testimony and hearing evidence of prospective loss. The hearing was that the upcoming Christmas time holidays would be the busiest season for Leo, and that they would lose $300,000 to $400,000 Canadian dollars, which was about $250,000 to $300,000 U.S. in those upcoming months. Looking at the Hunt case, again, when the Supreme Court considered Hunt, the Supreme Court said in that case there was evidence that the apple dealers, the apple growers, were likely to lose accounts, likely to lose business, and that loss of future profit was more than sufficient to satisfy, to show that the value of the injunction being sought there satisfied the amount of controversy. Here, we have similar evidence of prospective potential losses that supports the value of the injunctive relief that was being sought. So, first, under the legal certainty test, this case did not rise to a legal certainty, and the court should not have found, should not have dismissed because there was no legal certainty. Moreover, because of the request for injunctive relief, the value clearly exceeded the $75,000 threshold. These two issues by themselves more than support the reversal of the district court's order of dismissal. I'm going to reserve the remainder of my time unless anyone has any other questions at this time. Thank you, counsel. Mr. Selden. Thank you, Your Honor. Harper Selden for GoDaddy. May it please the court for GoDaddy.com, LLC. This case is not geographic expeditions. There are three key differences between what happened below. Before we get into those, I assume you're going to argue, distinguish the case. Were you aware of it at the time this case was argued in district court? Your Honor, in all candor, I believe that I don't know if we were aware of it, but having looked at it now, I don't believe it's on point. And because it was merely an application of Patchinger and Morris and similar rules from the circuit, but did not change the rules about what a legal certainty analysis looks like, we don't believe that it was necessary to cite insistence for the court to reach the correct. Do I understand you to be saying that even if you were aware of the case, you had no obligation to bring it to the attention of Judge Reyes? I obviously defer to this court's determination about whether it was necessary to bring it respectfully. We do not believe that it was on point. There's no obligation. You don't think a lawyer has an ethical obligation to bring to the attention of the court authority which bears directly on the issue before it? No, I do agree that a lawyer has an obligation to bring such a case. I do not believe geographic expeditions is that case. Well, again, I don't want to reread what I read to your opponent, but it seems to me crystal clear. Judge Reyes says that's how I get to legal certainty, is the damage limitation, which geographic expeditions says, no, you can't consider it. Respectfully, I don't believe that that's the holding of geographic expeditions. I think that geographic expeditions is a specific application of a limitation of liability in an agreement between two parties that had other defects that suggested that the limitation of liability was not going to be enforceable at a later time. Here's what Judge Vea said in that decision. We conclude the district court erred both when it applied a preponderance of the evidence standards and when it held that the liability cap precludes federal jurisdiction. Your Honor, yes. That's the holding. That's the holding. The holding is not a limitation of liability can never serve as a basis for depriving a court of limitation of liability. It's that this specific court below erred in making that holding. In the footnotes of that opinion, Your Honor, the court notes that in parallel state court proceedings in California, not only a trial court, but an intermediate public court had already ruled that the contracting questions containing the limitation of liability have been both unconscionable and unenforceable. So here we have a situation where in geographic expeditions, the district court, when faced with a complaint that basically held the amount in controversy, contracted the limitation of liability that appeared to bring, that if applied, would bring the amount of controversy below the jurisdiction threshold. The court did nothing further except to say, I'm going to privilege the contract over the complaint dismissed. Here's what Judge Beyer wrote at the end of the opinion. Thus, this is at page 1108. Thus, the district court erred when it held the amount in controversy cannot exceed $16,831. The district court should not have relied on Geo-X's potential contract defense to determine the amount in controversy. That's what we're here about, isn't it? It is under very different circumstances. Again, the contract on geographic expeditions had already been held by two different Californians, unenforceable and because it was unconscionable. That's not what happened here. We had a plaintiff who was proceeding under the terms of service. His claims were for breach of contract. There was, and Godaddy agreed, terms of service are what govern here. So there was no debate about the overall viability of the contract. Instead, what we argued was, in the contract we're trying to enforce our rights on, we don't want the limitation of liability. Now we know from all Here's what Judge Reyes said in the concluding paragraph of his opinion of February 19, 2020. Accordingly, the court lacks subject matter jurisdiction over this action because UTOS liability provision that makes it legally certain that the amount in controversy is less than $75,000. Therefore, the court dismisses this case and does not reach Godaddy's ultimate arguments under FRCP 12-6 or Leo's request to preliminarily enjoy Godaddy from withholding access to the domain. So the case rises or falls on the district court's conclusion that the liability limitation provision in your client's contract says that you can't meet the amount in controversy requirement. How is it more complicated than that? Because we know from St. Paul indemnity and Pachinger and Morris that when a court is faced with a jurisdictional challenge, it's not limited to the pleadings. It can satisfy itself with external facts as to whether or not it has jurisdiction. And that's exactly what the court did here. As noted in a footnote, it held a hearing on both the 12-B-1 motion and the preliminary injunction. And we know from cases like Maxwell that at this stage, what Leo was entitled to was a reasonable opportunity to present evidence about why this limitation was not in place. At the hearing, Judge Reyes repeatedly asked Leo's counsel, what facts do I need to litigate? What facts do we need to investigate to determine the enforceability of a limitation of life? There were only three ways that limitation of liability was not going to be enforceable against Leo. It was either because it was procedurally unconscionable, it was substantively unconscionable, or there was a countervailing Arizona public policy. None of those, Leo had every opportunity to make those arguments and evidence on those points to the district. So that's the difference between this case and geographic expeditions. Geographic expeditions, there was no further inquiry. Here, Judge Reyes did what this circuit instructs, which is if you have a subject matter jurisdiction, you are permitted to investigate facts to satisfy yourself whether you have jurisdiction, so long as the facts don't go to the defense. And this is where Augustine comes in. If we think of these cases on a continuum, geographic expeditions is the no inquiry case. It's the court looking at the complaint, looking at the contract, making a determination that Augustine is on the other side where it says, if I have to look into the facts of the subject matter jurisdiction issue, I am necessarily going to run into the merits issue. I'm not going to find the reason that... That would all be great if Judge Reyes's opinion, which it does not, cited and distinguished geographic. But he doesn't. He doesn't discuss it because neither of you cited it. Your respondent apparently was not even aware of it, and you intimate that you were aware of it, but didn't feel you had an obligation to bring it to Judge Reyes's attention. But that's the whole game, isn't it? I mean, yes. I mean, the question is, was the court permitted at this stage to make a determination about the enforceability of a limitation of liability as a jurisdiction? The only thing Judge Reyes does is look to Arizona law, which finds these damage limitation clauses pretty much okay. Your Honor, this court can affirm on any grounds supported by the record. And I submit that the record that was created at the hearing demonstrates that all of the inquiries that Judge Reyes needed to make to satisfy the court, the district court, as to whether this limitation of liability was going to be enforceable, those were addressed at the hearing. And Leo was given an opportunity to litigate those issues and did not satisfy that the limitation of liability was going to be unenforceable. So again, I understand the court's concern that geographic expeditions was not cited. I will, knowing what I know now, I do wish, like Mr. Williams, that I had cited it too. But I do not believe that it's controlling on this point or that it disturbs Judge Reyes's holding below. Because there's earlier, geographic expeditions didn't change to a specific set of uniquely complicated facts, given that there had already been parallel statements on the enforceability of the contract. And the contract itself, the party trying to enforce it was only trying to enforce part of it to use arbitration. The one part that I find hard reconciling that argument with is the line, I think on 1104, because a clause in the arbitration agreement limited damages to $16,831, Helen could not meet its burden. So it doesn't seem like the court was delving any further than just looking at the contract. In geographic expeditions, yes, the error was the failure to delve. Right. And then the court reversed, because that's all the district court did, look at the contract and say that there was a number, a limited number, and therefore, there's no jurisdiction. But then the 9th Circuit reversed. I certainly wish that Judge Reyes's opinion had set forth in his footnote discussing what had happened at the hearing. I think there's a strong implication in that footnote. The court was not persuaded based on the presentation at the hearing that there was any reason to invalidate the limitation of liability. You know, I certainly wish that we had more clarity on that point. But I think it goes to the fact that there was no there thing when the court looked at the hearing, because when asked about procedural unconscionability, Leo said, it's an adhesion contract. We know under Arizona law, that's not enough. That's not something that needs to be determined by the courts. Calling it an adhesion contract didn't mean it was unconstitutional. You look at substantive unconscionability, the arguments presented there were well. The damages that we're alleging now, this hearing, are disproportionate to the $10,000 cap. Judge Reyes's hearing said, well, that's true of any limitation of liability. That's not unreasonable. That happens all the time with commercial parties where someone caps their liability with open liability. Parties are allowed to shift risk in that way, and it's not unconscionable. And third, with respect to Arizona public policy, the court asked, what's the Arizona public policy that undermines the enforceability of unconstitutional liability? And again, there was nothing. So I wish we had an extra line in that talk. Counsel, since the district court did not have an opportunity to address geographic expeditions, doesn't it make sense that we just remand it and let the district court try again with it? I believe that this court has enough to affirm. I do believe, though, that in the first instance, if this court believes that geographic expeditions, it's either on point or requires further distinguishing, then yes, a remand to specifically consider geographic expeditions would be in order. Respectfully, we do not believe that would change the results, but in the first instance, the district court should have the opportunity to do so. Do you want to yield back to us for time? I was going to say, I'm happy to address any other questions, but I do believe that geographic expeditions, that's the heart of this panel's concerns. I do not believe that geographic expeditions change the law in the Ninth Circuit about what kind of analysis the district court was either required or permitted to do with respect to determining the legal certainty of the ability to recover from a remand. For that reason, no doubt I interject with the court's support. Thank you. Thank you, Mr. Selden. Mr. Williams? Thank you, Your Honor. So, briefly... Do you, counsel, do you agree that the case should go back to Judge Reyes to determine the application of geographic? Well, we certainly agree that the case should go back to Judge Reyes. We believe that there are grounds besides this for reversing the order. However, if the court wishes to remand for Judge Reyes to consider the geographic expedition, we certainly would not object to that. And we believe that upon a consideration of geographic expedition, that Judge Reyes will reach the correct conclusion that he is not able to delve into the merits of the defense to the contract claim, the defense being a limitation of liability provision. I believe that he will issue... Jurisdiction was pled. The defendant, the other side, raised a defense of a limitation of liability. A challenge was made to that. And in order to determine that challenge, that's what would require the court to delve into the merits. Same thing here. Count four of our complaint. We specifically pled unconscionability. We raised the issue of unconscionability in terms of service. And more precisely, the limitation of liability provision was unconscionable. So simply because... Just because it has been raised that the limitation of liability provision has been raised, that is not the end of the inquiry. What Packenger tells us is that for it to be... In order for there to be legal certainty, it must be virtually impossible for the plaintiff to satisfy a mountain of controversy. What geographic expedition teaches us is if there is a contest, if there is a challenge to the defense such that the court has to delve into the merits of that defense, then it is not virtually impossible. There is no legal certainty. And that is the case here. So while we believe that the court could certainly reverse on any of the other issues raised in our brief, if the court wishes to send this case back to Judge Reyes just to determine the issue of geographic expedition, we're fine because we believe that he will reach the correct result, and that is that the law would require him to deny the motion to dismiss under 12b1. Your Honors, if there are no other questions, I will wrap up simply by saying again, we believe there are a number of reasons why the order from below should be reversed. Certainly, the failure, the misapplication of the law with respect to legal certainty absolutely presents a reason for reversing and sending it back for further consideration. The fact that the court did not consider the value of the injunctive relief, as well as the other issues raised in our brief, each independently provide a basis for simply reversing Judge Reyes' order and sending this case back to the trial court to proceed on its merits. I thank you and appreciate your time. Thank you both. This case will be submitted.
judges: Hawkins, Cardone, Bumatay